IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EFRAIN SANCHEZ, | ) | JURY DEMANDED |
| | ) | |
| Plaintiff, | ) | FILED |
| | ) | MAY 12, 2008        YM |
| vs. | ) | 08CV2735 |
| | ) | JUDGE CASTILLO |
| CITY OF CHICAGO, | ) | MAGISTRATE JUDGE COLE |
| RICK CALLBRERO, and AS YET UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

Plaintiff, by and through his attorney, alleges as follows:

THE PARTIES

1. At the time complained of herein, plaintiff Efrain Sanchez resided on South Kolin Avenue in Chicago, Illinois.

2. The City of Chicago is a municipal corporation incorporated under the laws of the State of Illinois.

3. Individual defendants Rick Callbrero and as yet unknown City of Chicago Police Officers are individual police officers who are employees of the City of Chicago, acted under color of law, and are sued in their individual capacities.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has personal jurisdiction over the individual defendants as each of them are residents of Illinois and all actions complained of herein occurred in Illinois.

5.  Venue is proper in this District because all the conduct complained of herein occurred in this District.

## SPECIFIC ALLEGATIONS

6.  In the early morning hours of April 5, 2008, Efrain Sanchez was in front of his mother's home at 2858 South Kolin Avenue in Chicago, Illinois, when he was confronted by defendant Rick Callbrero.

7.  Without cause or justification and while on duty and in plain clothes, defendant Rick Callbrero stopped and searched Efrain. Efrain complained to Callbrero that Callbrero was conducting an illegal search. Callbrero directed obscenities at Efrain. Callbrero then demanded that Efrain give him his keys. Efrain complained that Callbrero had no right to his keys or to use them enter his mother's or his home. Cabellero then caused Efrain to be handcuffed.

8.  While Efrain was handcuffed and standing, Callbrero kicked Efrain's legs out and, at the same time, grabbed Efrain's head and drove Efrain's head into the pavement. As a result of this force, Efrain suffered a concussion, lacerations, contusions, a broken nose, and heavy bleeding. Callbrero also handcuffed Efrain tightly to inflict pain; this caused Efrain to suffer pain and scarring. Defendant Callbrero took Efrain's wallet and cellular telephone and did not return these items to Efrain.

9.  As yet unknown City of Chicago Police Officers assisted Callbrero and had an opportunity to intervene to stop the illegal search and use of excessive force.

10.  Callbrero and other officers subsequently left the scene without charging Efrain with anything.

11.  On or about April 5, 2008, Efrain filed a criminal battery complaint against Callbrero .

12. On or about April 7, 2008, Efrain filed a complaint against Callbrero with the City of Chicago's Independent Police Review Authority, formerly known as O.P.S.

13. Following the filing of these complaints, Callbrero told Efrain's brother that Callbrero would have drugs planted on Efrain and have Efrain arrested if Efrain did not drop his complaints against Callbrero .

14. As a direct and proximate result of the individual defendants' misconduct, Efrain suffered the loss of liberty and was caused to suffer and continues to suffer pain and/or great emotional distress.

15. The acts, conduct, and behavior of the individual defendants were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the plaintiff's rights, by reason of which plaintiff is entitled to an award of punitive damages.

## COUNT I

(42 U.S.C. § 1983, *Monell* Claim Against the City of Chicago)

16. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

17. The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago:

18. The failure to properly investigate allegations of police misconduct, including the use of excessive force. The failure to properly investigate allegations of police misconduct also includes, but is not limited to, the failure to accept complaints against police officers, the failure to properly maintain evidence, the fabrication of evidence, and/or the destruction of evidence related to allegations of police misconduct.

19. The failure to properly discipline sustained allegations of police misconduct, including the use of excessive force.

20. The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force.

21. The failure to hire, train, monitor, and/or supervise police officers.

22. A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and maltreatment of persons, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

23. The aforementioned policies, practices, and customs of failing to supervise, control, and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and plaintiffs' injuries.

24. The aforementioned policies, practices, and customs individually and together have been maintained and/or implemented with deliberate indifference by the City of Chicago and have encouraged the individual defendants to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of Constitutional and other legal violations, and plaintiffs' injuries.

25. The above actions by the City of Chicago violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the defendant City of Chicago and he be awarded compensatory damages, reasonable attorneys' fees, costs, and expenses.

## COUNT II

(42 U.S.C. § 1983, Excessive Force Claim)

26. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

27. The above–described conduct by the individual defendants against plaintiff was without cause or justification and violated plaintiffs' rights pursuant to the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

## COUNT III

(42 U.S.C. § 1983, False Arrest Claim)

28. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

29. The individual defendants arrested plaintiff without probable cause or justification and violated his rights pursuant to the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

## COUNT IV

(42 U.S.C. § 1983, Failure to Intervene Claim)

30. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

31. The as yet unknown individual defendants had an opportunity to intervene and lessen or prevent the illegal search and use of excessive force by Callbrero but failed to do so and thereby violated plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

## COUNT V

(42 U.S.C. § 1983, First Amendment Claim)

32. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

33. The individual defendants arrested plaintiff without probable cause or justification when he complained that officers were violating his civil rights and thereby violated his rights pursuant to the First Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

## COUNT VI

(State Law Battery)

34. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

35. The above–described contact by the individual defendants upon plaintiff was harmful, unjustified, and offensive and constituted battery under the common law of Illinois.

36. The misconduct described in above was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. As a result of the offensive touching, plaintiff sustained bodily injuries, including, but not limited to, a reasonable apprehension of great bodily harm.

38. The individual defendants owed plaintiff a duty to not harm him as alleged above and violated that duty which is the proximate cause of plaintiff's injuries.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

## COUNT VII

(State Law Unlawful Detention)

39. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

40. The above-described conduct of the individual defendants in taking plaintiff into police custody against his will was without lawful justification and constituted an unlawful detention under the common law of Illinois.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

### COUNT VIII

(State Law Intentional Infliction of Emotional Distress)

41.　Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

42.　The above conduct of the individual defendants in using excessive force, falsely arresting, and/or terrorizing plaintiff without cause or justification, was intentional and/or was committed with willful and wanton disregard for his safety and rights. Said actions by the individual defendants was outrageous and caused plaintiff to suffer great pain and/or emotional distress.

43.　The defendants owed plaintiff a duty to not harm him as alleged above and violated that duty which is the proximate cause of plaintiff's injuries.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

### COUNT IX

(State Law Conversion)

44.　Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

45.　Efrain had an right to his wallet and cellular telephone.

46. Without justification, defendant Callbrero took Efrain's wallet and cellular telephone and refused Efrain's demands to return these items.

47. The misconduct described in above was undertaken with malice, willfulness, and reckless indifference to the rights of others.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

## COUNT X

(*Respondeat Superior*)

48. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

49. In committing the acts alleged in the preceding paragraphs, the defendant police officers were members of the City of Chicago Police department, and employees of the City of Chicago acting at all relevant times within the scope of their employment. Defendant City of Chicago is liable as principal for all the state law torts committed by its employees and agents.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the City of Chicago and that he be awarded compensatory damages, attorneys' fees, costs, expenses and such further relief as this Court deems just.

## COUNT XI

(State Law Indemnification)

50. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

51.     Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

52.     The defendant police officers are, or were at the pertinent time, employees of the City of Chicago who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the City of Chicago and that he be awarded compensatory damages, attorneys' fees, costs, expenses and such further relief as this Court deems just.

### JURY DEMAND

Plaintiff demands trial by jury on all Counts.

Respectfully submitted,

/s/ David A. Cerda
David A. Cerda
Attorney for Plaintiff

David A. Cerda
Cerda Law Office
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606-1225
Telephone: (312) 223-9890
E-mail: dcerda@cerdalaw.com
A.R.D.C. No. 6203954