# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EFRAIN SANCHEZ,                              )
                                             )        No. 08 C 2735
                Plaintiff,    )
                                             )        Judge Castillo
        vs.                          )
                                             )        Magistrate Judge Cole
CITY OF CHICAGO, RICK                        )
CALLBRERO, and AS YET UNKNOWN                )
CHICAGO POLICE OFFICERS,                     )        Jury Demand
                                             )
             Defendants.     )

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the

City of Chicago, answers Plaintiff's Complaint and states:

### THE PARTIES

1.      At the time complained of herein, plaintiff Efrain Sanchez resided on South Kolin

Avenue in Chicago, Illinois.

**ANSWER:**     The City is without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

2.      The City of Chicago is a municipal corporation incorporated under the laws of the

State of Illinois.

**ANSWER:**     The City admits it is a municipal corporation incorporated under the laws

of the State of Illinois.

3.      Individual defendants Rick Callbrero and as yet unknown City of Chicago Police

Officers are individual police officers who are employees of the City of Chicago, acted under

color of law, and are sued in their individual capacities.

**ANSWER:**     The City admits that Plaintiff is suing Defendants Rick Callbrero and as

yet unknown City of Chicago Police Officers in their individual capacity.  The City denies that

Rick Callbrero is a police officer employed by the City of Chicago.  The City is without

knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations of this paragraph.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over plaintiff's federal claims pursuant
to 28 U.S.C. §§ 1331 and 1343(a).  This Court has personal jurisdiction over the individual
defendants as each of them are residents of Illinois and all actions complained of herein occurred
in Illinois.

**ANSWER:**     The City admits the jurisdiction of the Court over Plaintiff's federal

claims is invoked pursuant to 28 U.S.C. §§ 1331 and jurisdiction of the Court over Plaintiff's

state claims is invoked pursuant to 1343(a).  The City is without knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

5.      Venue is proper in this District because all the conduct complained of herein
occurred in this District.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

## SPECIFIC ALLEGATIONS

6.      In the early morning hours of April 5, 2008, Efrain Sanchez was in front of his
mother's home at 2858 South Kolin Avenue in Chicago, Illinois, when he was confronted by
defendant Rick Callbrero.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

7.      Without cause or justification and while on duty and in plain clothes, defendant
Rick Callbrero stopped and searched Efrain.  Efrain complained to Callbrero that Callbrero was
conducting an illegal search.  Callbrero directed obscenities at Efrain. Callbrero then demanded

that Efrain give him his keys. Efrain complained that Callbrero had no right to his keys or to use them enter [*sic*] his mother's or his home. Cabellero [*sic*] then caused Efrain to be handcuffed.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8.    While Efrain was handcuffed and standing, Callbrero kicked Efrain's legs out and, at the same time, grabbed Efrain's head and drove Efrain's head into the pavement. As a result of this force, Efrain suffered a concussion, lacerations, contusions, a broken nose, and heavy bleeding. Callbrero also handcuffed Efrain tightly to inflict pain; this caused Efrain to suffer pain and scarring. Defendant Callbrero took Efrain's wallet and cellular telephone and did not return these items to Efrain.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9.    As yet unknown City of Chicago Police Officers assisted Callbrero and had an opportunity to intervene to stop the illegal search and use of excessive force.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.    Callbrero and other officers subsequently left the scene without charging Efrain with anything.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.    On or about April 5, 2008, Efrain filed a criminal battery complaint against Callbrero.

**ANSWER:**    The City admits, based on Chicago Police Department documents, that Plaintiff filed a criminal batter complaint on April 5, 2008. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

12.    On or about April 7, 2008, Efrain filed a complaint against Callbrero with the City of Chicago's Independent Police Review Authority, formerly known as O.P.S.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.    Following the filing of these complaints, Cafflbrero told Efrain's brother that Cafflbrero would have drugs planted on Efrain and have Efrain arrested if Efrain did not drop his complaints against Callbrero.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14.    As a direct and proximate result of the individual defendants' misconduct, Efrain suffered the loss of liberty and was caused to suffer and continues to suffer pain and/or great emotional distress.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15.    The acts, conduct, and behavior of the individual defendants were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the plaintiff's rights, by reason of which plaintiff is entitled to an award of punitive damages.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT I

(42 U.S.C. § 1983, *Monell* Claim Against the City of Chicago)

16.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**    The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

17.    The actions of the individual defendants as alleged above were done pursuant to

-4-

one or more *de facto* policies, practices and/or customs of the City of Chicago:

**ANSWER:**     The City denies the allegations of this paragraph as they pertain to the

City.  The City is without knowledge or information sufficient to form a belief as to the truth of

the remainder of the allegations of this paragraph.

18.     The failure to property investigate allegations of police misconduct, including the use of excessive force.  The failure to property investigate allegations of police misconduct also includes, but is not limited to, the failure to accept complaints against police officers, the failure to property maintain evidence, the fabrication of evidence, and/or the destruction of evidence related to allegations of police misconduct.

**ANSWER:**     The City denies the allegations of this paragraph.

19.     The failure to property discipline sustained allegations of police misconduct, including the use of excessive force.

**ANSWER:**     The City denies the allegations of this paragraph.

20.     The failure to property maintain records of police misconduct and allegations of police misconduct, including the use of excessive force.

**ANSWER:**     The City denies the allegations of this paragraph.

21.     The failure to hire, train, monitor, and/or supervise police officers.

**ANSWER:**     The City denies the allegations of this paragraph.

22.     A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and maltreatment of persons, despite their obligation under police department regulations to do so.  This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

**ANSWER:**     The City denies the allegations of this paragraph.

23.     The aforementioned policies, practices, and customs of failing to supervise, control, and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and plaintiffs' [*sic*] injuries.

**ANSWER:**    The City denies the allegations of this paragraph as they pertain to the

City.  The City is without knowledge or information sufficient to form a belief as to the truth of

the remainder of the allegations of this paragraph.

24.    The aforementioned policies, practices, and customs individually and together
have been maintained and/or implemented with deliberate indifference by the City of Chicago
and have encouraged the individual defendants to commit the aforesaid wrongful acts against
plaintiffs [*sic*], and therefore acted as a direct and proximate cause of Constitutional and other
legal violations, and plaintiffs' [*sic*] injuries.

**ANSWER:**    The City denies the allegations of this paragraph as they pertain to the

City.  The City is without knowledge or information sufficient to form a belief as to the truth of

the remainder of the allegations of this paragraph.

25.    The above actions by the City of Chicago violated the Plaintiff's rights under the
Fourth Amendment to the United States Constitution.

**ANSWER:**    The City denies the allegations of this paragraph.

COUNT II

(42 U.S.C. § 1983, Excessive Force Claim)

26.    Plaintiff  realleges and incorporates herein by reference the foregoing paragraphs
as if set forth in full herein.

**ANSWER:**    The City re-alleges it's answers to the foregoing paragraphs as though

fully set forth herein.

27.    The above-described conduct by the individual defendants against plaintiff was
without cause or justification and violated plaintiffs' [*sic*] rights pursuant to the Fourth
Amendment to the United States Constitution.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

<u>COUNT III</u>

(42 U.S.C. § 1983, False Arrest Claim)

28.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein

**ANSWER:**     The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

29.     The individual defendants arrested plaintiff without probable cause or justification and violated his rights pursuant to the Fourth Amendment to the United States Constitution.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

<u>COUNT IV</u>

(42 U.S.C. § 1983, Failure to Intervene Claim)

30.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**     The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

31.     The as yet unknown individual defendants had an opportunity to intervene and lessen or prevent the illegal search and use of excessive force by Callbrero but failed to do so and thereby violated plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

<u>COUNT V</u>

(42 U.S.C. § 1983, First Amendment Claim)

32.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs

-7-

as if set forth in full herein.

**ANSWER:**    The City re-alleges it's answers to the foregoing paragraphs as though

fully set forth herein.

33.    The individual defendants arrested plaintiff without probable cause or justification when he complained that officers were violating his civil rights and thereby violated his rights pursuant to the First Amendment to the United States Constitution.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

COUNT VI

(State Law Battery)

34.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**    The City re-alleges it's answers to the foregoing paragraphs as though

fully set forth herein.

35.    The above-described contact by the individual defendants upon plaintiff was harmful, unjustified, and offensive and constituted battery under the common law of Illinois.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

36.    The misconduct described in above was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.

37.    As a result of the offensive touching, plaintiff sustained bodily injuries, including, but not limited to, a reasonable apprehension of great bodily harm.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

-8-

to the truth of the allegations of this paragraph.

38.    The individual defendants owed plaintiff a duty to not harm him as alleged above and violated that duty which is the proximate cause of plaintiff's injuries.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT VII

### (State Law Unlawful Detention)

39.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**    The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

40.    The above-described conduct of the individual defendants in taking plaintiff into police custody against his will was without lawful justification and constituted an unlawful detention under the common law of Illinois.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT VIII

### (State Law Intentional Infliction of Emotional Distress)

41.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**    The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

42.    The above conduct of the individual defendants in using excessive force, falsely arresting, and/or terrorizing plaintiff without cause or justification, was intentional and/or was committed with willful and wanton disregard for his safety and rights.  Said actions by the individual defendants was outrageous and caused plaintiff to suffer great pain and/or emotional

distress.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

43.     The defendants owed plaintiff a duty to not harm him as alleged above and violated that duty which is the proximate cause of plaintiff's injuries.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

COUNT IX

(State Law Conversion)

44.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**     The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

45.     Efrain had an right to his wallet and cellular telephone.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

46.     Without justification, defendant Callbrero took Efrain's wallet and cellular telephone and refused Efrain's demands to return these items.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

47.     The misconduct described in above was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

-10-

COUNT X

(*Reapondeat Superior*)

48.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**     The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

49.     In committing the acts alleged in the preceding paragraphs, the defendant police officers were members of the City of Chicago Police department, and employees of the City of Chicago acting at all relevant times within the scope of their employment.  Defendant City of Chicago is liable as principal for all the state law torts committed by its employees and agents.

**ANSWER:**     The allegations that "Defendant City of Chicago is liable as principal for all the state law torts committed by its employees and agents," is a vague, incomplete and/or inaccurate statement of the City's liability under the doctrine of *respondeat superior*; therefore, this allegation is denied.  The City denies that Defendant Rick Callbrero was a member of the City of Chicago Police department, and employee of the City of Chicago, at the time relevant to Plaintiff's complaint.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

COUNT XI

(State Law Indemnification)

50.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

**ANSWER:**     The City re-alleges it's answers to the foregoing paragraphs as though fully set forth herein.

51.     Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of

their employment activities.

    **ANSWER:**    The allegations that "Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities," is a vague, incomplete and/or inaccurate statement of the City's liability under 745 ILCS 10/9-102; therefore, this allegation is denied.

    52.    The defendant police officers are, or were at the pertinent time, employees of the City of Chicago who acted within the scope of their employment in committing the misconduct described herein.

    **ANSWER:**    The City denies that Defendant Rick Callbrero is, or was at the pertinent time, an employee of the City of Chicago.  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**WHEREFORE,** the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award it costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

<u>**12(b)(6) DEFENSES**</u>

<u>**FIRST 12(B)(6) DEFENSE:**</u>
<u>**NO PUNITIVE DAMAGES FOR**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

In Illinois, punitive damages cannot be sanctioned as an additional recovery in an action for intentional infliction of emotional distress, since the alleged outrageous quality of Defendants' conduct forms the basis of the action. See *Knierim v. Izzo*, 22 Ill.2d 73, 88, 174 N.E.2d 157, 165 (1961).

### SECOND 12(b)(6) DEFENSE:
### FAILURE TO STATE A CLAIM UNDER FIRST AMENDMENT

Plaintiff fails to state a claim under the First Amendment. When a police officer has probable cause to believe that a person is committing crime, he or she is justified in arresting that person even if that person is engaged in what some may consider First Amendment activity. Therefore, plaintiff's First Amendment claim should be dismissed.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

### SECOND AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2006).

### THIRD AFFIRMATIVE DEFENSE:
### STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

That any injuries or damages claimed by Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would

-13-

otherwise be entitled must be reduced by application of principles of comparative fault in

proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff

which was the proximate cause of his injuries.  In addition, at the time of the actions alleged in

Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a

plaintiff's recovery according to his contributory negligence and bars his recovery entirely when

a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for

which recovery is sought.

**FOURTH AFFIRMATIVE DEFENSE:**
**MITIGATION OF DAMAGES**

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any

verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate

attributed to Plaintiff by a jury in this case.

**FIFTH AFFIRMATIVE DEFENSE:**
**PUNITIVE DAMAGES**

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary

damages in any action brought directly or indirectly by the injured party or a third party. 745

ILCS 10/2-102 (West 2006).

**SIXTH AFFIRMATIVE DEFENSE:**
**PUNITIVE DAMAGES**

One basis for liability against the City is a claim for indemnity.  745 ILCS 10/9-102.  If

the Defendant Officers are found not liable to the Plaintiff, the City is not liable to the Plaintiff.

745 ILCS 10/2-109.

-14-

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.


**DATED:  July 14, 2008**

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago


By:     _/s/ Kathleen Manion_
         KATHLEEN MANION
         Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No.   6286785